**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PAUL EUGENE SHATTUCK** **PLAINTIFF**

**v.** **CIVIL NO. 1:25-cv-00212-HSO-BWR**

**JACKSON COUNTY CIRCUIT COURT, et al.** **DEFENDANTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. BACKGROUND

*Pro se* Plaintiff Paul Eugene Shattuck filed a Petition for Writ of Habeas Corpus in this Court on March 25, 2025. *Shattuck v. Ledbetter*, No. 1:25-cv-00084-HSO-RPM (S.D. Miss. Mar. 25, 2025) (Doc. 1) ("*Shattuck I*"). When he filed his Petition, Plaintiff was an inmate housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. *Id.* at 1. Because he sought both "release" and "injunctive relief for his conditions of confinement," Plaintiff's habeas claims were severed from his civil-rights claims arising under 42 U.S.C. § 1983. Order [1] at 1. Plaintiff's § 1983 claims are being heard in this case ("*Shattuck II*"), *id.* at 1-2, and he is proceeding *in forma pauperis*, Order [8].

Plaintiff's Complaint for Violation of Civil Rights was filed in this Court on July 14, 2025. *Shattuck v. Ledbetter, et al.*, No. 1:25-cv-00214-LG-RPM (S.D. Miss. July 14, 2025) (Doc. 1) ("*Shattuck III*"). As the Court screened *Shattuck II* and

*Shattuck III* under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*., it became clear that Plaintiff's allegations in *Shattuck II* and *Shattuck III* "are one [and] the same." Resp. [12] at 1. Accordingly, he advised the Court that *Shattuck II* and *Shattuck III* "can be made 1 lawsuite [*sic*]." *Id.*

On May 29, 2026, the Court ordered Plaintiff to file a written response, on or before June 12, 2026, to clarify "whether he wants to voluntarily dismiss this lawsuit so that his civil-rights claims may be pursued in No. 1:25-cv-00214-LG-RPM." Order [13] at 1. Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court may result in this lawsuit being dismissed without prejudice and without further notice." *Id.* That Order [13] was mailed to Plaintiff at his last-known mailing address, and it was returned as undeliverable in an envelope marked, "no longer at this facility." Envelope [14] at 1. Plaintiff did not comply with the Court's Order [13] by the June 12 deadline.

On June 25, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order [13]. Order [15] at 2. Plaintiff's responsive deadline was extended to July 9, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* The Order to Show Cause [15] and a copy of the May 29 Order [13] were mailed to Plaintiff at his last-known mailing address, and they were also returned as

undeliverable in an envelope marked, "no longer at this facility." Envelope [16]. Plaintiff did not comply with the Order to Show Cause [15] by the July 9 deadline.

On July 20, 2026, the Court entered a Second and Final Order to Show Cause [17], allowing Plaintiff another chance to show cause for his failure to comply with the Court's Orders. Order [17] at 2. Plaintiff's responsive deadline was extended yet again to August 3, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* at 2-3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [15] [13]." *Id.* at 3. The Second and Final Order to Show Cause [17], a copy of the Order to Show Cause [15], and a copy of the May 29 Order [13] were mailed to Plaintiff at his last-known mailing address, and they were also returned as undeliverable in an envelope marked, "not here." Envelope [18].

To date, Plaintiff has not responded to the Court's May 29, June 25, or July 20 Orders [13], [15], [17]. He has not notified the Court of a change of address, and he has not otherwise contacted the Court about his case since December 31, 2025. Resp. [12].

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

(1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (per curiam) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (per curiam) (same).

Plaintiff has been warned eight times that it is his responsibility to prosecute this case, which includes an ongoing obligation to comply with the Court's orders and to keep the Court apprised of his current mailing address. Second and Final Order to Show Cause [17] at 2-3; Order to Show Cause [15] at 2; Order Requiring Plaintiff to Respond [13] at 1; Order Requiring Plaintiff to Respond [11] at 2; Order Requiring Plaintiff to Respond [9] at 2; Order Setting Payment Schedule [8] at 3; Order [6] at 2; Order [4] at 2. Despite these warnings, Plaintiff has failed to comply with three Court Orders [13], [15], [17], and he has taken no action in this case for nearly eight months, including his failure to advise the Court of his updated mailing address. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest. It is apparent that Plaintiff no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (per curiam) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of August, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE